565 P.2d 1285

**STATE of Arizona, Appellee,**

v.

**Marcelino Bologna VINDIOLA, Appellant.**

No. 3648.

Supreme Court of Arizona,
In Banc.

June 8, 1977.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Appellant, Marcelino Bologna Vindiola, was originally convicted of burglary, first degree and on June 20, 1975, was placed on probation for a period of three years with one condition of probation being that he serve six months in the Maricopa County Jail. On July 2, 1975 appellant pled guilty to escape in violation of A.R.S. § 13–393 and on July 16 was placed on probation for a period of three years under the same terms and conditions of probation established in the prior probation.

Subsequently a petition to revoke appellant's probations was filed. At the hearing on March 2, 1976 appellant admitted being in violation of the terms of his probation. Probation in both cases was revoked on March 15, 1976 and appellant was sentenced to not less than two nor more than four years in the Arizona State Prison for each violation, to date from December 1, 1975 for the escape probation. Appellant appeals from the revocation of the escape probation and sentence. (The other probation revocation was appealed separately.)

The facts necessary for this review are as follows: On June 20, 1975 when appellant was placed on probation for the burglary conviction, he received a copy of the terms and conditions of his probation. On July 16, 1975 when appellant was placed on probation for the escape conviction, the trial court imposed the same conditions as were established for the burglary conviction. The court asked appellant if he had a copy of those conditions and appellant answered that he did.

Appellant raises one issue on appeal. He argues his probation was improperly revoked because he was not given written notice of the terms and conditions of his probation as required by rule 27.7(c) [1] Rules of Criminal Procedure, 17 A.R.S., which provides in part:

1. Actually, appellant argued on the basis of Rule 27.7(d) but the rule was amended effective August 1, 1975 and the pertinent provision is now incorporated in part (c).

"Probation shall not be revoked for violation of a condition or regulation of which the probationer has not received a written copy."

We find no violation of Rule 27.7(c). Appellant told the trial court he had in his possession a copy of the probation conditions applicable to the escape conviction and on appeal he asserts nothing to the contrary. Appellant's probation was revoked for violation of a condition of which he received a written copy. His admission of the violation shows he was aware of the condition. Both the letter and the spirit of the pertinent provision of Rule 27.7(c) were met.

For the foregoing reasons, the probation revocation and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.